IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES SHAW,
:
: Plaintiff
:
:
VS.
: 1 : 06-CV-02 (WLS)
:
CYNTHIA NELSON, et al.,
:
:
Defendants.
:

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for summary judgment filed by both the plaintiff and the defendants. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of the filing date of this recommendation, the plaintiff has not responded to the defendants' motion or the court's directives. Plaintiff last contacted the court, by means of filing a change of address notice, on December 20, 2006.

The plaintiff filed this action in January 2006, raising allegations of deliberate indifference to his medical needs while he was confined at Autry State Prison.[1] Specifically, the plaintiff contends that the defendants were deliberately indifferent to the condition of his feet, forcing him to wear boots and endure daily pain, following his transfer to Autry from another institution,

---

[1] In his complaint, the plaintiff states that the events underlying this lawsuit took place between April and October 2004, although the substance of his allegations and his medical records indicate that the events more likely took place in 2005.

where he allegedly was allowed to wear shower shoes due to his foot condition(s).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

The court notes initially that plaintiff's motion for summary judgment consists simply a statement of his claim and his conclusion that he is entitled to judgment herein. As such, the plaintiff has failed to establish the basis for entering judgment in his favor.

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). They have supported their motion with affidavits and portions of the plaintiff's prison medical records. The defendants maintain, supported by the medical records and their affidavits, that the plaintiff was treated by medical personnel for chronic plantar fasciitis and bilateral flat feet. Plaintiff wanted a soft shoe profile so that he would be provided with tennis shoes rather than standard issue boots. While awaiting approval of the soft shoe profile, medical staff authorized plaintiff to wear shower shoes. After review of the soft shoe request, the Utilization Management division of the Georgia Department of Corrections denied the request, finding that tennis shoes

were not the proper treatment for plaintiff's condition. Medical personnel ordered arch support shoe inserts instead.

Deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action." Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994). The undisputed facts herein evidence the treatment and examination of the plaintiff's foot condition on a consistent basis during the time period in question. The plaintiff's dispute with his treatment lies with medical personnel's medical conclusions and decisions. To the extent that the plaintiff disagrees with the course of treatment provided while he was in the care of the defendants, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

Furthermore, deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action." Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994). The plaintiff has presented no evidence that these defendants ignored the plaintiff's medical situation or refused to examine or treat him. The court notes that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect, the best obtainable, or even very good'". Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir.

3

1991) (citations omitted).

*Respondeat superior*

It also appears that plaintiff's claims against defendants Cynthia Nelson, Warden, Keith Jones, Deputy Warden of Care and Treatment, and Elaine Hutto, Medical Services Administrator, are based solely on their roles as supervisors over the prison and/or medical staff. Each of these three (3) defendants testifies in his or her affidavit that he or she was not personally involved in the decision to grant or deny plaintiff's soft shoe profile. "It is axiomatic, in Section 1983 actions, that liability must be based on something more than a theory of *respondeat superior*." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). There is no indication that any of these defendants knew of yet disregarded a serious medical need on the part of the plaintiff.

*Defendant Saad*

As set out in defendant Hutto's affidavit, plaintiff's medical records reflect that medical personnel other than Dr. Saad requested a soft shoe profile for the plaintiff on May 24, 2005 and that physicians at Augusta State Medical Prison later ordered that plaintiff's condition be treated with arch support shoe supports. According to Hutto's affidavit, Dr. Saad was not at Autry State Prison at the time the soft shoe profile was filed or denied for the plaintiff. Treatment provided by Dr. Saad apparently took place after the events surrounding the denial of the soft shoe profile.

Inasmuch as the plaintiff has failed to rebut the defendants' summary judgment showing that they did not act with deliberate indifference to his serious medical needs, it is the recommendation of the undersigned that the plaintiff's Motion for Summary Judgment be **DENIED** and that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to

28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 23rd day of August, 2007.

/s/ *__Richard L. Hodge__*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE